Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:       mark@markmerin.com
              paul@markmerin.com

Attorneys for Plaintiff
LARRY WEIGLE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| LARRY WEIGLE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

This action arises from a SACRAMENTO COUNTY SHERIFF'S DEPARTMENT officer's use-of-force against LARRY WEIGLE. LARRY WEIGLE was tackled to the ground, handcuffed, and restrained by two officers, when a third officer stomped on his head, without cause or justification.

**JURISDICTION & VENUE**

1.      This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

2. Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4. On March 14, 2022, LARRY WEIGLE submitted a government claim to the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT concerning the claims alleged in this action, pursuant to Cal. Gov. Code § 910 *et seq*. On April 8, 2022, the COUNTY OF SACRAMENTO mailed a "notice of untimely claim" which was deficient and waived any defense as to the time limit for presenting a claim, pursuant to Cal. Gov. Code § 911.3(b).

## PARTIES

5. Plaintiff LARRY WEIGLE is a resident of the County of Sacramento, California.

6. Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant COUNTY OF SACRAMENTO is located in the County of Sacramento, California.

7. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is located in the County of Sacramento, California.

8. Defendant DOE 1 is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment. Defendant DOE 1 is sued in her individual capacity.

9. Defendant DOE 2 is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment. Defendant DOE 2 is sued in his individual capacity.

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

10. Defendant DOE 3 is and was, at all times material herein, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of employment. Defendant DOE 3 is sued in his individual capacity.

## GENERAL ALLEGATIONS

11. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

12. On or about August 1, 2021, Plaintiff LARRY WEIGLE was involved in a vehicular pursuit.

13. Plaintiff LARRY WEIGLE was the driver of a vehicle pursued, on information and belief, by Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT officers, who drove patrol vehicles.

14. Plaintiff LARRY WEIGLE ended the vehicle pursuit when he parked the vehicle he drove, exited the vehicle, and walked away from the vehicle on foot.

15. Plaintiff LARRY WEIGLE was tackled to the ground by Defendant DOE 1, a female officer.

16. Plaintiff LARRY WEIGLE fell to the ground onto his stomach.

17. Defendant DOE 1 pulled Plaintiff LARRY WEIGLE's arms behind his back and began to apply handcuffs.

18. Plaintiff LARRY WEIGLE did not resist Defendant DOE 1's efforts to arrest him.

19. Plaintiff LARRY WEIGLE surrendered himself to be arrested by Defendant DOE 1.

20. Defendant DOE 1 commanded Plaintiff LARRY WEIGLE, "Stop resisting!" as she applied handcuffs to Plaintiff LARRY WEIGLE's arms.

21. Plaintiff LARRY WEIGLE responded, "I'm not resisting."

22. Defendant DOE 2, a second male officer, joined Defendant DOE 1, as Defendant DOE 1 applied handcuffs to Plaintiff LARRY WEIGLE's arms.

23. Defendants DOE 1 and DOE 2 successfully handcuffed Plaintiff LARRY WEIGLE's arms behind his back, as Plaintiff LARRY WEIGLE was lying face-down on the ground.

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

24. Defendant DOE 3, a third male officer, arrived at the scene in a separate patrol vehicle.

25. Defendant DOE 3 ran towards the location where Plaintiff LARRY WEIGLE was arrested and handcuffed by Defendants DOE 1 and DOE 2.

26. Defendants DOE 1 and DOE 2 began to lift Plaintiff LARRY WEIGLE off of the ground and onto his knees, by pulling Plaintiff LARRY WEIGLE up by his handcuffed arms.

27. Defendants DOE 1 and DOE 2 lifted Plaintiff LARRY WEIGLE several inches off the ground.

28. Defendant DOE 3 reached Plaintiff LARRY WEIGLE's location, with momentum, as Plaintiff LARRY WEIGLE was being lifted off the ground by Defendants DOE 1 and DOE 2.

29. Defendant DOE 3 stomped on Plaintiff LARRY WEIGLE's head, as Plaintiff LARRY WEIGLE was being lifted off the ground by Defendants DOE 1 and DOE 2.

30. Defendants DOE 1 and DOE 2 made no efforts to prevent or to stop Defendant DOE 3 from assaulting Plaintiff LARRY WEIGLE, despite the opportunity to do so.

31. Defendant DOE 3's stomp caused Plaintiff LARRY WEIGLE's head to strike the ground.

32. Plaintiff LARRY WEIGLE lost consciousness, when his head struck the ground.

33. On information and belief, Defendants DOE 1, DOE 2, and/or DOE 3 moved Plaintiff LARRY WEIGLE's unconscious body to the back of a patrol vehicle.

34. Plaintiff LARRY WEIGLE regained consciousness while seated in the backseat of a patrol vehicle, while still at the scene of the arrest and his hands still handcuffed behind his back.

35. Plaintiff LARRY WEIGLE was bleeding from his head.

36. Defendant DOE 2 commented to Plaintiff LARRY WEIGLE, "You thought you could outrun me?"

37. Plaintiff LARRY WEIGLE was going in-and-out of consciousness, due to his head injury.

38. Defendant DOE 3 was holding up a cell phone in front of Plaintiff LARRY WEIGLE's face, taking pictures of Plaintiff LARRY WEIGLE's injured head.

39. Sometime later, an ambulance arrived at the scene of the arrest.

40. Plaintiff LARRY WEIGLE was moved to a stretcher, loaded into the ambulance, and transported to the hospital.

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

41. Plaintiff LARRY WEIGLE received medical treatment for his injuries at the hospital.

42. Plaintiff LARRY WEIGLE's head wound was cleaned and gauze was applied.

43. Plaintiff LARRY WEIGLE was subject to multiple tests related to his head injury by hospital staff.

44. Plaintiff LARRY WEIGLE continued going in-and-out of consciousness at the hospital.

45. Sometime later, Plaintiff LARRY WEIGLE was transported to the Sacramento County Main Jail for booking.

46. Plaintiff LARRY WEIGLE was evaluated by a nurse during the jail booking process.

47. The nurse reapplied gauze to Plaintiff LARRY WEIGLE's head because he bled-through the gauze which had previously been applied at the hospital.

48. Plaintiff LARRY WEIGLE was prescribed medications related to his injuries while in-custody at the jail, including Tylenol for headaches.

49. Plaintiff LARRY WEIGLE suffered several symptoms following his injury, including frequent headaches, sensitivity to light, anxiety, a "twitch" in his leg, and loss of taste and smell.

50. To date, Plaintiff LARRY WEIGLE continues to suffer from the symptoms associated with his injuries.

51. On information and belief, Defendants DOE 1, DOE 2, and DOE 3 failed accurately to report Defendant DOE 3's use-of-force and misconduct against Plaintiff LARRY WEIGLE.

## FIRST CLAIM

### Excessive Force

### (U.S. Const. amend. IV; 42 U.S.C. § 1983)

52. Plaintiff LARRY WEIGLE asserts this Claim against Defendants DOE 1, DOE 2, and DOE 3.

53. The allegations of the preceding paragraphs 1 to 51 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

54. Defendant DOE 3 used unreasonable and excessive force against Plaintiff LARRY WEIGLE, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

55. Defendants DOE 1 and DOE 2 failed to intercede in, were integral participants in, and/or aided and abetted Defendant DOE 3's use of unreasonable and excessive force against Plaintiff LARRY WEIGLE, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

56. Defendants DOE 1, DOE 2, and DOE 3's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

57. Plaintiff LARRY WEIGLE was injured as a direct and proximate result of Defendants DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff LARRY WEIGLE to receive compensatory and punitive damages against Defendants DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff LARRY WEIGLE prays for relief as hereunder appears.

## SECOND CLAIM

### Excessive Force

### (Cal. Const. art. I § 13)

58. Plaintiff LARRY WEIGLE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3.

59. The allegations of the preceding paragraphs 1 to 51 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

60. Defendant DOE 3 used unreasonable and excessive force against Plaintiff LARRY WEIGLE, in violation of Article I, Section 13 of the California Constitution.

61. Defendants DOE 1 and DOE 2 failed to intercede in, were integral participants in, and/or aided and abetted Defendant DOE 3's use of unreasonable and excessive force against Plaintiff LARRY WEIGLE, in violation of Article I, Section 13 of the California Constitution.

62. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1, DOE 2, and DOE

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

3.

63. Defendants DOE 1, DOE 2, and DOE 3's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

64. Plaintiff LARRY WEIGLE was injured as a direct and proximate result of Defendants DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff LARRY WEIGLE to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 3; and punitive damages against Defendants DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff LARRY WEIGLE prays for relief as hereunder appears.

### THIRD CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

65. Plaintiff LARRY WEIGLE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3.

66. The allegations of the preceding paragraphs 1 to 51 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

67. Defendant DOE 3 used unreasonable and excessive force against Plaintiff LARRY WEIGLE, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

68. Defendants DOE 1 and DOE 2 failed to intercede in, were integral participants in, and/or aided and abetted Defendant DOE 3's use of unreasonable and excessive force against Plaintiff LARRY WEIGLE, with deliberate indifference or reckless disregard of rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

69. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1, DOE 2, and DOE 3.

70. Defendants DOE 1, DOE 2, and DOE 3's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

71. Plaintiff LARRY WEIGLE was injured as a direct and proximate result of Defendants DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff LARRY WEIGLE to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3; and punitive damages against Defendants DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff LARRY WEIGLE prays for relief as hereunder appears.

## FOURTH CLAIM

### Assault / Battery

72. Plaintiff LARRY WEIGLE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3.

73. The allegations of the preceding paragraphs 1 to 51 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

74. Defendant DOE 3 used unreasonable and excessive force against Plaintiff LARRY WEIGLE.

75. Defendants DOE 1 and DOE 2 failed to intercede in, were integral participants in, and/or aided and abetted Defendant DOE 3's use of unreasonable and excessive force against Plaintiff LARRY WEIGLE.

76. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1, DOE 2, and DOE 3.

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

77. Defendants DOE 1, DOE 2, and DOE 3's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

78. Plaintiff LARRY WEIGLE was injured as a direct and proximate result of Defendants DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff LARRY WEIGLE to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3; and punitive damages against Defendants DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff LARRY WEIGLE prays for relief as hereunder appears.

## FIFTH CLAIM

### Intentional Infliction of Emotional Distress

79. Plaintiff LARRY WEIGLE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3.

80. The allegations of the preceding paragraphs 1 to 51 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

81. Defendant DOE 3 engaged in outrageous conduct, including by using unreasonable and excessive force against Plaintiff LARRY WEIGLE, with intent or reckless disregard of the probability that Plaintiff LARRY WEIGLE would suffer emotional distress and he did suffer severe emotional distress.

82. Defendants DOE 1 and DOE 2 engaged in outrageous conduct, including by failing to intercede in, integrally participating in, and/or aiding and abetting Defendant DOE 3's use of unreasonable and excessive force against Plaintiff LARRY WEIGLE, with intent or reckless disregard of the probability that Plaintiff LARRY WEIGLE would suffer emotional distress and he did suffer severe emotional distress.

83. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1, DOE 2, and DOE

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

3.

84. Defendants DOE 1, DOE 2, and DOE 3's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

85. Plaintiff LARRY WEIGLE was injured as a direct and proximate result of Defendants DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff LARRY WEIGLE to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3; and punitive damages against Defendants DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff LARRY WEIGLE prays for relief as hereunder appears.

## SIXTH CLAIM

### Negligence

86. Plaintiff LARRY WEIGLE asserts this Claim against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3.

87. The allegations of the preceding paragraphs 1 to 51 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

88. Defendant DOE 3 owed duties of care and breached those duties, including by: (1) using unreasonable and excessive force against Plaintiff LARRY WEIGLE; and (2) failing accurately to report the use-of-force and misconduct against Plaintiff LARRY WEIGLE, in violation of Cal. Pen. Code § 118.1.

89. Defendants DOE 1 and DOE 2 owed duties of care and breached those duties, including by: (1) failing to intercede in, integrally participating in, and/or aiding and abetting Defendant DOE 3's use of unreasonable and excessive force against Plaintiff LARRY WEIGLE; and (2) failing accurately to report Defendant DOE 3's use-of-force and misconduct against Plaintiff LARRY WEIGLE, in violation of Cal. Pen. Code § 118.1.

90. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), for injuries proximately caused by the acts and omissions of their

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

employees acting within the scope of their employment, including Defendants DOE 1, DOE 2, and DOE 3.

91. Defendants DOE 1, DOE 2, and DOE 3's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

92. Plaintiff LARRY WEIGLE was injured as a direct and proximate result of Defendants DOE 1, DOE 2, and DOE 3's actions and inactions, entitling Plaintiff LARRY WEIGLE to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3; and punitive damages against Defendants DOE 1, DOE 2, and DOE 3.

WHEREFORE, Plaintiff LARRY WEIGLE prays for relief as hereunder appears.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LARRY WEIGLE seeks Judgment as follows:

1. For an award of compensatory, general, special, and nominal damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3, in excess of $1,000,000, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants DOE 1, DOE 2, and DOE 3, in an amount sufficient to deter and to make an example of them, because their actions and inactions were motivated by evil motive or intent, or involved reckless or callous indifference to constitutional rights;

3. For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, DOE 1, DOE 2, and DOE 3, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, pursuant to Cal. Civ. Code § 818);

4. For interest;

5. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

6. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: June 9, 2022                                          Respectfully Submitted,

By: _____
Mark E. Merin
Paul H. Masuhara
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone: (916) 443-6911
Facsimile: (916) 447-8336

  Attorneys for Plaintiff
  LARRY WEIGLE

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff LARRY WEIGLE.

Dated: June 9, 2022                              Respectfully Submitted,

By: _____
   Mark E. Merin
   Paul H. Masuhara
   LAW OFFICE OF MARK E. MERIN
   1010 F Street, Suite 300
   Sacramento, California 95814
   Telephone: (916) 443-6911
   Facsimile: (916) 447-8336

   Attorneys for Plaintiff
   LARRY WEIGLE

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Weigle v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____