1  RIVERA HEWITT PAUL LLP
   WENDY MOTOOKA, SBN 233589
2  11341 Gold Express Drive, Suite 160
   Gold River, California 95670
3  Telephone: 916-922-1200 Fax: 916 922-1303
   Email:  wmotooka@rhplawyers.com
4
   Attorneys for Defendants COUNTY OF
5  SACRAMENTO, duplicatively sued as
   SACRAMENTO COUNTY SHERIFF'S
6  DEPARTMENT

7

8                 **UNITED STATES DISTRICT COURT**

9                 **EASTERN DISTRICT OF CALIFORNIA**

10

11  LARRY WEIGLE,                          Case No.: 2:22-CV-01000-JDP

12              Plaintiff,
                                           **REPLY TO PLAINTIFF'S OPPOSITION TO**
13       vs.                               **THE COUNTY'S MOTION TO DISMISS**
                                           **THE COMPLAINT**
14  COUNTY OF SACRAMENTO,
    SACRAMENTO SHERIFF'S
15  DEPARTMENT, DOE 1, DOE 2, and          Date:  September 1, 2022
    DOE 3,                                 Time:  10:00 a.m.
16                                         Courtroom: 9, 13th Floor
                Defendants.                Judge:  Hon. Jeremy D. Peterson
17

18

19

20

21

22

23

24

25

26

27

28

RIVERA HEWITT PAUL LLP
11341 Gold Express Dr., Ste. 160
Sacramento, CA  95670
(916) 922-1200

# I.    INTRODUCTION

Plaintiff concedes that he did not present a timely Government Code claim to the County of Sacramento, that the County so informed him, and that plaintiff subsequently presented a late claim application.  Because that late claim application was denied, plaintiff's next step is to seek relief from the California Government Claims Act in State superior court.  Cal. Gov't Code § 946.6.  Whether plaintiff can proceed on his State law claims, despite his non-compliance with the claims act, is not a decision that is properly before this Court.

Defendant's motion to dismiss the Complaint should be granted.

# II.    PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY HIS FAILURE TO COMPLY WITH THE CLAIMS ACT

A plaintiff must present a public entity with a timely written claim for damages prior to filing suit against it.  *J.M. v. Huntington Beach Union High Sch. Dist.,* 2 Cal. 5th 648, 652 (Cal. 2017).  Here, plaintiff has conceded that his claim was not timely.  Pl.'s Opp'n to Def.'s Mtn to Dismiss the Compl. ("Opp'n") at 3: 13-14.  He argues, however, relying primarily on *Andrews v. Metro. Transit Sys*., 74 Cal. App. 5th 597 (Cal. Ct. App. 2022), that he need not comply with the claims presentation requirement, because the County did not advise him to seek an attorney.  *Andrews* does not support this conclusion.

*Andrews* construed the provisions of California Government Code section 913 and their effect on the statute of limitations for timely presented claims.  Section 913 requires entities to provide written notice of board action or in action with respect to timely presented claims.  The statute of limitations for filing a civil action is six-months if this notice is given or two years if it is not.  Cal. Gov't Code § 945.6(a).  Which statute of limitations to apply is not the issue in this case.  *Andrews* did not address the issue in this case, which is whether plaintiff can sue the County without presenting a timely claim at all.

## A.    **Andrews** *Construes California Government Code Section 913*

In *Andrews*, a claimant through her counsel presented a timely tort claim to the Metropolitan Transit System ("MTS"), which was rejected under California Government Code section 913, although Andrews' counsel denied receiving notice of the rejection.  *Andrews*, 74

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPL.
Case No. 2:22-cv-01000-JDP

1

Cal. App. 5th at 602-603.  Almost eight months after MTS claimed to have mailed the notice of rejection, Andrews filed suit without knowledge as to when the six-month limitations period of Section 913 had passed.  On appeal, the issue was whether the warnings contained in the mailed notice of rejection substantially complied with Section 913(a) and were therefore sufficient to trigger the six-month statute of limitations or whether they were insufficient and the two-year limitations should apply.  Cal. Gov. Code § 945.6(a).  The *Andrews* court determined that the six-month statute had not been triggered, because the notice did not warn plaintiff to seek counsel. *Id*. at 605-06.  Plaintiff's civil action, filed within eight months of the notice of rejection of the tort claim, was therefore determined to have commenced within the applicable two-year limitations period.  *Id*. at 608.

While plaintiff appears to believe that the County has moved to dismiss the Complaint based on the statute of limitations, Opp'n at 6: 20-23, this is not the case.  The County does not challenge the Complaint based on the statute of limitations.  The County did not reject plaintiff's tort claim under Section 913.  The *Andrews* analysis – concerning which statute of limitations should apply after a timely claim has been presented – is beside the point.

**B.     *Plaintiff Must Seek Relief From The Claims Act By Petitioning In State Superior Court***

Plaintiff agrees that his tort claim was presented more than six months after his injury. Opp'n at 3: 13-14.  Plaintiff then submitted a late claim application.  RJN No. 3.  The County denied the late claim application, sending notice of its decision pursuant to Government Code section 911.8.  RJN No. 4.  That notice advised plaintiff that his late claim application was denied on April 29, 2022 and that if wishes to pursue a court action, he has six months to petition for relief from the claims presentation requirement.   RJN No. 4.   Relying on *Andrews*, plaintiff argues that he need not petition for relief because the notice provided by the County was insufficient.  Opp'n at 7: 1 to 8: 10.

Plaintiff misconstrues the effect Section 911.8's notice provisions by analogizing them to Section 913.  The analogy is false because the statutes are not the same.  For example, Section 913 protects the claimant against tardy delivery of the notice, while Section 911.8 does not. *Rason v. Santa Barbara City Housing Auth*., 201 Cal. App. 3d 817, 826-27 (Cal. Ct. App. 1988).

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPL.
Case No. 2:22-cv-01000-JDP

2

The notice provisions of Section 911.8, unlike Section 913, are not mandatory.  Under Section 913, notice must be given to the claimant regardless of whether the public entity acts or chooses not to act on the claim.  Cal. Gov't Code § 913; *Andrews*, 74 Cal. App. 5th at 604.  In contrast, the notice provided for by Section 911.8 is not required, as discussed by the California Supreme Court in *J.M. v. Huntington Beach Union High School District*.

In *J.M.*, a child injured during football practice at school filed a late claim application within one year of the injury.  *J.M.*, 2 Cal. 5th 651-52.  The school district took no action on it.  Pursuant to Section 911.6(c), by operation of law, the application was deemed to have been denied on the 45th day after it was presented.  *Id.* at 652.  In the absence of any notice given under Section 911.8, the claimant was still required to petition for relief from the claims act within six months.  *Id.* at 653.  The six-month mark was June 9, 2013, but the claimant did not petition for relief until October 28, 2013.  *Id.* at 652.  The child's case, therefore, could not proceed.  As the California Supreme Court explained, to read the statutes otherwise "would permit a plaintiff to sue a public entity without presenting either a timely claim or a timely petition for relief under section 946.6, based on assertions that have neither been accepted by the entity nor proven in court."  *Id.* at 654.  The Court concluded that "the statutes provide no recourse for counsel's failure to petition the court within six months of the deemed denial of [the] late claim application."  *Id.* at 656.  A timely petition was required, even where the entity had sent no notice at all under Section 911.8.

Plaintiff in the present case is in the same position as J.M.  Because he has not presented a timely tort claim, his case cannot proceed until he has obtained relief from the claims act in State superior court.  He therefore has not stated a claim against the County.  *United States v. State of California*, 655 F.2d 914, 918 (9th Cir. 1980) (compliance with California's claim filing statute is an element of a cause of action); *Dujardin v. Ventura County Gen. Hosp.*, 69 Cal. App. 3d 350, 355 (Cal. Ct. App. 1977) (timely compliance must be pleaded in the complaint to state a cause of action).  Defendant's motion to dismiss the Complaint should be granted on this ground.

//

//

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPL.
Case No. 2:22-cv-01000-JDP

3

**III.    THIS COURT IS NOT THE PROPER COURT TO HEAR PLAINTIFF'S ARGUMENTS ABOUT THE CALIFORNIA CLAIMS STATUTE**

Even if plaintiff is correct that he is not required to comply with the California Government Claims Act because the County did not advise his counsel to seek counsel, this Court is not the proper court to decide that question. That question is reserved for the State superior court. *Rubio v. City of Visalia*, 2021 WL 3033480 at *2 (E.D. Cal. 2021) (district court is not a proper court to hear petitions for relief from claims statute); *Raghukultilak v. California Dep't of Corrections and Rehabilitation*, 2020 WL 6784549 at *2 (E.D. Cal. 2020) (district court lacks jurisdiction to grant relief from the claims act); *A.B. v. County of Kern*, 2020 WL 6565900 at *5 (E.D. Cal. 2020) (same); *Medina v. Lopez*, 2015 WL 1405284 at *2-*3 (E.D. Cal. 2015) (only State superior court has authority to grant relief from the claims act).

If plaintiff believes that he has a valid basis for obtaining relief from non-compliance with the claims statute, he should make those arguments to the State superior court, not to this Court.

**IV.    PLAINTIFF'S OWN *KATZBERG* ANALYSIS CONFIRMS THAT THE COURT SHOULD NOT CREATE A CONSTITUTIONAL CAUSE OF ACTION**

Plaintiff takes the position that he may press a cause of action that has not been recognized. Defendant has relied on prior court opinions that have rejected the existence of a direct constitutional tort under Art. 1, section 13. *Libby v. City of Gridley*, 2022 WL 493079 at *3 (E.D. Cal. 2022); *Leon v. City of Merced*, 2015 WL 135904 at *4 (E.D. Cal. 2015). Whether such a cause of action exists is a question of law unrelated to any facts in this case. Despite his lengthy briefing on the subject, plaintiff presents no authority acknowledging the existence of a cause of action for damages directly under California Constitution, Art. 1, section 13. His authorities recognize that the "majority of federal district court decisions . . . appear to have concluded that there is no private cause of action for damages under Art. 1, section 13." *Lesher v. City of Anderson*, 2021 WL 2682161 at *5 (E.D. Cal. 2021).

Yet plaintiff faults defendant for relying on such existing authority, demanding that defendant prove a negative (that the cause of action is not legally cognizable) as a pure question of law. The way to prove this negative as a matter of law is to cite decisional authority to that

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPL.
Case No. 2:22-cv-01000-JDP

4

1  effect.  That is what defendant has done.  Plaintiff does not present contrary authority.  Rather, he

2  urges this Court to create the cause of action based on the factors set forth in *Katzberg v. Regents*

3  *of the Univ. of California*, 29 Cal. 4th 300 (Cal. 2002).  His *Katzberg* analysis, however, is simply

4  not persuasive.

5  **A.      The Katzberg Factors**

6           In determining whether to recognize a direct constitutional claim for damages, courts first

7  inquire if there is evidence from which to infer an affirmative intent to authorize or withhold a

8  damages remedy, based on the language and history of the constitutional provision, as well as

9  relevant common law history.  If there is no such affirmative intent, the court then considers

10 whether an adequate remedy exists, the extent to which a constitutional tort action would change

11 established tort law, and the nature and significance of the constitutional provision.  If these

12 factors militate against recognizing the constitutional tort, the inquiry ends.  *Katzberg*, 29 Cal. 4th

13 at 317.  This is where the inquiry should end for California Constitution, Art. 1, section 13 based

14 on plaintiff's own *Katzberg* analysis.

15

16 **B.      As Prior District Courts Have Determined, Katzberg Does Not Support A Direct Cause**
         **Of Action For Damages Under California Constitution Article 1, Section 13**

17           *Katzberg* does not address Art. 1, section 13 of the California Constitution.  The dicta

18 relied on by plaintiff was offered by the California Supreme Court as an example to illustrate the

19 method that it had fashioned for analyzing the viability of a direct constitutional claim for

20 damages.  The Supreme Court presented the example of New York's determination regarding a

21 right to damages as a remedy for violations of state search and seizure and equal protection

22 provisions.  *Katzberg*, 29 Cal. 4th at 322.  The implied right to seek damages that plaintiff infers

23 from *Katzberg* was based on New York law and New York history. *Id.*; Opp'n at 9: 18-19.  Like

24 Art. 1, section 7 (the specific provision analyzed in *Katzberg* that was found not to imply a right

25 to damages), the language of Art. 1, section 13 contains no provisions that imply a monetary

26 remedy.

27           Under *Katzberg*, in the absence of an affirmative intent to authorize damages under Art. 1,

28 section 13, the court should then consider whether an adequate remedy exists and the extent to

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPL.                                         5
Case No. 2:22-cv-01000-JDP

1   which a constitutional tort action would change established tort law.[1]   There are plenty of

2   alternative remedies to vindicate the rights enshrined by Art. 1, section 13, including causes of

3   action *for damages*, not just the declaratory and injunctive relief that were found to be meaningful

4   alternative remedies in *Katzberg*.  *Katzberg*, 29 Cal. 4th at 326, 328.  Aggrieved citizens can sue

5   *for damages* for violations of any right under the California Constitution pursuant to California

6   Civil Code section 52.1 (Bane Act), which was amended just last year to eliminate many of the

7   law enforcement immunities about which plaintiff complains.  *See* 2021 Cal. Legis. Serv. Ch. 409

8   (S.B. 2).   The fact that the Legislature sought to expand plaintiffs' ability to secure damage

9   awards for California constitutional violations under the Bane Act, but did not create a direct

10   cause of action for damages under the California Constitution, counsels against judicial creation

11   of a cause of action.

12      Nor is the Bane Act the limit of the remedies available to plaintiffs.  In addition to the

13   Bane Act, plaintiffs may also sue *for damages* for false arrest, assault and battery, negligence,

14   intentional infliction of emotional distress, trespass, trespass to chattel, conversion, and numerous

15   privacy torts (intrusion, public disclosure of private facts, false light, Cal. Penal Code § 637.2), in

16   addition to the federal remedies of 42 U.S.C. Section 1983 and the Electronic Communications

17   Privacy Act (18 U.S.C. § 2707).   It is unlikely that this list of potential causes of action is

18   exhaustive.  Plaintiff's own Complaint includes many of these causes of action.  Plaintiff has

19   meaningful and numerous alternative remedies – not just to vindicate his rights through injunction

20   or writ relief – but specifically *for damages*.   The alternative remedies are so numerous and

21   adequate that one would be hard-pressed to imagine how a plaintiff could ever prevail on a direct

22   constitutional claim while losing on all the others.

23      Finally, a direct constitutional cause of action for damages would change existing tort law,

24   at least as contemplated by plaintiff.  Plaintiff contends that a direct constitutional damages claim

25   would obviate comparative fault and all public entity immunities.  Opp'n at 11: 22 to 12: 1.

26   Whether this is true cannot be known, because the jurisprudence around this hitherto non-existent

[1] The third factor – the significance of the constitutional right at issue – is of limited weight. *Katzberg*, 29 Cal. 4th at 328.

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPL.
Case No. 2:22-cv-01000-JDP                6

state constitutional claim would have to be developed over time.  The elements have not been established.  The defenses have not been established.  The jury instructions do not yet exist. Plaintiff appears to contemplate a direct constitutional action as having no affirmative defenses, but even a direct constitutional action under *Bivens*,[2] which is the inspiration for plaintiff's theory of a direct claim under the California Constitution, is subject to the qualified immunity defense. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (applying qualified immunity to *Bivens* action); *Katzberg*, 29 Cal. 4th at 307-311 (discussing direct claims under *Bivens* and the general reluctance of courts to expand the doctrine).

For these reasons, this Court should decline to recognize a constitutional tort remedy for violations of Art. 1, section 13, just as the *Katzberg* Court did with respect to Art. 1, section 7.

## V.    THE SHERIFF'S DEPARTMENT AS A SEPARATE PUBLIC ENTITY

The Sacramento County Sheriff's Department is a subpart of the County of Sacramento. Plaintiff correctly points out that there is no Section 1983 claim pled against the County/Sheriff's Department.  For this reason, *County of Sacramento v. Pac. Gas & Elec.* Co., 193 Cal. App. 3d 300, 311-312 (Cal. Ct. App. 1987) should be followed.  The County is a single entity, albeit departmentalized.  There is no advantage, with respect to establishing liability or recovering damages, in treating the County and its subpart as separate entities.  It's just clutter.

## VI.    CONCLUSION

For the foregoing reasons, defendant County, duplicatively sued as Sacramento County Sheriff's Department, respectfully requests that the Court dismiss plaintiff's Complaint.


DATE:  July 15, 2022                                 RIVERA HEWITT PAUL LLP


                                                      /s Wendy Motooka
                                                     WENDY MOTOOKA
                                                     Attorneys for Defendant COUNTY OF
                                                     SACRAMENTO, duplicative sued as
                                                     SACRAMENTO COUNTY SHERIFF'S
                                                     DEPARTMENT

---

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

RIVERA HEWITT PAUL LLP
11341 Gold Express Drive, Suite 160
Gold River, CA 95670
(916) 922-1200

REPLY RE: MTD COMPL.
Case No. 2:22-cv-01000-JDP

7